NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEIL HUNTERSON,<br><br>              Plaintiff,<br><br>    v.<br><br>MARY KEATING DISABATO, et al.,<br><br>              Defendants. | Civil Action No. 06-677 (FLW)<br><br><br>**O P I N I O N** |

**APPEARANCES:**

    NEIL HUNTERSON, #76787A, Plaintiff <u>Pro Se</u>
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302

<u>**WOLFSON**</u>, District Judge

    Plaintiff Neil Hunterson, a prisoner incarcerated at South Woods State Prison, filed a paid Complaint seeking redress against government officials for alleged violation of New Jersey law and his constitutional rights, pursuant to 42 U.S.C. § 1983.  Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint, pursuant to 28 U.S.C. § 1915A(b)(1), as time-barred.

**I.  BACKGROUND**

    Plaintiff sues 30 present or former government officials employed by the New Jersey State Parole Board, the New Jersey Division of Law, or the New Jersey Department of Corrections for violation of his constitutional rights under 42 U.S.C. § 1983.  Plaintiff asserts that, between May 1994 and March 2001, Defendants conspired and took various deliberate

actions in furtherance of the conspiracy, to revoke his parole, deny timely parole hearings, selectively prosecute him, and deny his release on parole.  In addition, Plaintiff alleges that Defendants did not allow Plaintiff to receive visits from his fiancee from August 1995 until March 2001.  Plaintiff asserts that Defendants maliciously took these actions in order to violate his First Amendment right to associate and marry, to retaliate against him for providing information to the press regarding wrongdoing by Defendants in violation of the First Amendment, and to deprive him of his Fourteenth Amendment right to substantive due process.  In support of his claims, Plaintiff relies on the factual findings of Hon. Joseph H. Rodriguez, U.S.D.J., in Hunterson v. DiSabato, 137 F. Supp. 2d 529 (D.N.J. 1999), and 140 F. Supp. 2d 353 (D.N.J. 2001), reversed, 308 F.3d 236 (3d Cir. 2002).  Plaintiff seeks damages for violation of his constitutional rights and New Jersey law.

## II.  LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512.  Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

A.  Federal Claims

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal constitutional rights by a person who was acting under

3

color of state law.[1]  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, ___ F.3d ___ 2006 WL 590357 *1 (3d Cir. March 13, 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)).  Under federal law governing the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."[2]  Montgomery, 159 F.3d at 126 (quoting Genty v.

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[2] However, this rule does not apply when a plaintiff brings a § 1983 action that, if
(continued...)

4

Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

In this case, Plaintiff alleges that Defendants violated his constitutional rights from May 1994 through March 2001.  Assuming that the statute of limitations began to run in March 2001, when the last act of wrongdoing allegedly occurred, the limitations period expired by the end of March 2003, almost three years before Plaintiff executed this Complaint on January 21, 2006. Thus, it is apparent from the face of the Complaint that Plaintiff's federal claims against the Defendants are time-barred.

The question remains as to whether this Court may dismiss the Complaint sua sponte under 28 U.S.C. § 1915A(b) as time-barred.  The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants.  See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense).  While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), it is established in this circuit that a civil rights claim may be dismissed as time-barred on defendant's motion to dismiss where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel, 570 F.2d at 1174 (citation omitted).  The Court explained the Third Circuit rule in the following passage:

---

[2](...continued)
successful, would demonstrate that the plaintiff's underlying criminal conviction or imprisonment is invalid.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Gibson v. Superintendent of N.J. Dep't of Law & Public Safety, 411 F.3d 427, 435 (3d Cir. 2005).  In that situation, the cause of action does not arise until the conviction or sentence is invalidated, and the statute of limitations does not begin to run until the time of such invalidation.  Heck, 512 U.S. at 489; Gibson, 411 F.3d at 435.

> Under Fed.R.Civ.P. 8(c), the statute of limitations constitutes an affirmative defense to an action. Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations . . . . If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

Id. (citations and internal quotation marks omitted).

The Third Circuit has not considered whether a district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b) where the time-bar is apparent on the face of the Complaint, but several federal circuits have permitted sua sponte dismissal under these circumstances. See, e.g., Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991). As the Fifth Circuit explained:

> Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense sua sponte in an action proceeding under 28 U.S.C. § 1915 . . . Thus, where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d).

Gartrell, 981 F.2d at 256 (citations omitted).[3]

This Court holds that sua sponte dismissal is appropriate under 28 U.S.C. § 1915A(b)(1) on statute of limitations grounds if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const.

---

[3] Section 1915(d) is the predecessor to § 1915(e)(2)(B).

Corp., 570 F.2d at 1174 (citation omitted).  Applying this standard, the Court finds that dismissal of the federal claims is warranted because it is clear from the face of the Complaint that the claims are time-barred.

B.  Supplemental Jurisdiction

Plaintiff also contends that Defendants violated New Jersey law.  "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726;  Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, and declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over Plaintiff's claims arising under state law.

## IV.  CONCLUSION

For the reasons set forth above, the Court dismisses the federal claims and declines to exercise supplemental jurisdiction.  An appropriate Order accompanies this Opinion.

        s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

Dated:   March 20, 2006